UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICTOR DIAZ, § | | |
| TDCJ No. 1885162, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CIVIL NO. SA-16-CA-356-DAE (PMA) | |
| § | | |
| JAMES TOCCI, ET AL., § | | |
| § | | |
| Defendants. § | | |

### ORDER DENYING POST-JUDGMENT MOTION
### TO WITHDRAW AMENDED COMPLAINT

The matter before the Court is plaintiff's post-judgment motion to withdraw his amended complaint, filed June 16, 2016 (ECF no. 14). For the reasons set forth below, plaintiff's motion will be denied.

I.   Background

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on September 9, 2015 in the Southern District of Texas, naming as defendants a pair of state district judges, a pair of criminal defense counsel, a trio of prosecuting attorneys, and several local law enforcement officials whom plaintiff alleged were involved in conspiracies to have plaintiff convicted in Bexar County cause nos. 2010-CR-10591 and 2013-CR-1116. Neither of these state criminal convictions has ever been reversed, vacated, or otherwise abrogated. In a Show Cause Order issued April 18, 2016 (ECF no. 4), the Magistrate Judge explained to plaintiff that his claims were potentially subject to summary dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) based upon the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), various well-established legal doctrines, and the application of the statute of limitations to § 1983 claims. The

Magistrate Judge directed plaintiff to file an amended complaint addressing the defects in plaintiff's original complaint identified in the Show Cause Order.

Plaintiff subsequently sought and was granted two extensions of time on the deadline for filing his amended complaint (ECF nos. 6 & 8).  On May 31, 2016, plaintiff filed his amended complaint (ECF no. 10).  In an Order and Judgment issued June 16, 2016 (ECF nos. 12 & 13), this Court dismissed without prejudice as frivolous all of plaintiff's claims in this cause based upon the rule in *Heck v. Humphrey*, well-settled legal principles such as the doctrines of absolute judicial immunity and prosecutorial immunity, and the applicable statute of limitations.

II. <u>Motion to Withdraw Amended Complaint</u>

Plaintiff filed his motion to withdraw his amended complaint the very day this Court dismissed all of his claims as frivolous.  Plaintiff explains that he now wishes to file a new version of his amended complaint, but offers no rational explanation for his failure to include all relevant facts supporting his claims in his amended complaint.  Plaintiff also fails to allege any new facts in support of his claims which could possibly render them more viable than when those same claims were dismissed as frivolous.

III. <u>Analysis</u>

Plaintiff filed his amended complaint on May 31, 2016, exactly one week after this Court granted his second motion for extension of time, more than a month after this Court explained the law applicable to his § 1983 claims in the Show Cause Order, and more than eight months after he filed his original complaint.  Plaintiff had more than adequate opportunity to amend his original complaint, and did so in an amended complaint (ECF no. 10).  For the reasons set forth at length in this Court's Memorandum Opinion and Order (ECF no. 12) all of plaintiff's claims in this lawsuit are legally frivolous and foreclosed by applicable federal law.  Plaintiff's claims

are barred by the doctrine of absolute judicial immunity, the doctrine of prosecutorial immunity, the holding in *Heck v. Humphrey*, and the applicable limitations period for § 1983 claims. This Court nonetheless dismissed plaintiff's claims without prejudice to plaintiff's right to file a new § 1983 action reasserting the same claims. Under such circumstances, plaintiff has failed to furnish a rational justification for permitting him to withdraw his amended complaint at this late juncture, especially after this Court went to great length to explain the defects in his original complaint and granted plaintiff a more than reasonable opportunity to amend his complaint.

Accordingly it is hereby **ORDERED** that all relief requested in plaintiff's motion to withdraw plaintiff's response to Court's Show Cause Order, filed June 16, 2016 (ECF no. 14), is **DENIED**.

**SIGNED this 20th day of June, 2016.**

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE